E-FILED
Tuesday, 12 May, 2009  03:26:22 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

---

| | |
|---|---|
| **MUFF'T I. MUSTAAFA,** ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 09-CV-2009 |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

**OPINION**

This case is before this court for ruling on the Motion to Vacate, Set Aside or Correct Sentence (#2), as amended (#6), filed by Petitioner, Muff'T I. Mustaafa. Following this court's careful consideration Petitioner's arguments, the Government's Response, and the procedural history of this case, Petitioner's Motion (#2), as amended (#6), is DENIED as untimely.

BACKGROUND

On December 7, 2000, in Case No. 00-CR-20065, Petitioner was charged by indictment with one count of possession of cocaine base ("crack") with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g). On April 20, 2001, Petitioner entered a plea of guilty to the charges in the indictment. On July 9, 2001, Petitioner was sentenced to a term of 240 months in the Federal Bureau of Prisons. Petitioner appealed, and, on December 20, 2002, the Seventh Circuit dismissed his appeal and affirmed his conviction and sentence. Petitioner did not appeal to the United States Supreme Court.

On July 17, 2008, Petitioner filed a pro se Motion under Federal Civil Rules of Procedure 60(b)(6) in his criminal case. On July 22, 2008, this court entered an Opinion denying Petitioner's Motion. This court concluded that Petitioner had not provided any valid basis for granting relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure. After this court denied Petitioner's pro

se Motion for Reconsideration, Petitioner filed a Notice of Appeal. On December 1, 2008, the Seventh Circuit entered an Order. The Seventh Circuit vacated this court's judgment and remanded the case with instructions to recharacterize Petitioner's pro se Motion as a § 2255 motion and provide Castro warnings.

Following the remand from the Seventh Circuit, this court entered an Opinion on January 8, 2009. This court concluded that Petitioner was seeking relief that he could only obtain through 28 U.S.C. § 2255. Therefore, this court stated that Petitioner's Motion could only properly be construed as a Motion Pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct the sentence. Accordingly, pursuant to Castro v. United States, 540 U.S. 375, 383 (2003), this court advised Petitioner of this court's intent to characterize the Motion as one under § 2255 and warned Petitioner that this characterization would subject any subsequent § 2255 motion to the restrictions applicable to second or successive § 2255 motions (see 28 U.S.C. § 2255(h)). This court further advised Petitioner that he had the opportunity to withdraw the Motion, if he did not want it to be considered a Motion under § 2255, or to amend it to include every § 2255 claim that he believes that he has. Castro, 540 U.S. at 383; see also Nolan v. United States, 358 F.3d 480, 482 (7th Cir. 2004). This court then ordered that the clerk of the court was directed to open a civil case and file Petitioner's pro se Motion under Rule 60(b) as a Motion Pursuant to 28 U.S.C. § 2255. This court notified Petitioner that his Motion would be construed by this court as a Motion Pursuant to 28 U.S.C. § 2255. Petitioner was allowed thirty (30) days from the date of this Order to withdraw his Motion if he did not want to proceed under 28 U.S.C. § 2255 or to amend his Motion to include every § 2255 claim that he believes that he has.

On January 8, 2009, the clerk's office opened this case. This court's Opinion (#1) and

Petitioner's Motion (#2) were then filed in this case. On February 2, 2009, Petitioner filed a Motion for Extension of Time to Respond to Court Opinion (#3). Petitioner asked this court for an extension of time to respond to the Opinion entered on January 8, 2009, and also asked this court to appoint counsel to represent him. On February 4, 2009, this court entered a text order which denied Petitioner's request for the appointment of counsel but granted Petitioner's request for an extension of time. This court stated that Petitioner was allowed until March 9, 2009 to file his response to this court's Opinion.

On March 9, 2009, Petitioner filed, in Case No. 00-CR-20065, a Motion to Alter or Amend Judgment. Petitioner's Motion asked this court to alter the Opinion it entered on July 22, 2008, which denied him relief. This court entered an Opinion (#5) on March 11, 2009. This court noted that Petitioner filed an appeal from this court's July 22, 2008 Opinion, and the Opinion was vacated by the Seventh Circuit on appeal. The case was remanded to this court with instructions to recharacterize Petitioner's pro se Motion as a § 2255 motion and provide <u>Castro</u> warnings. In its Opinion (#5), this court further noted that, on January 8, 2009, this court provided the <u>Castro</u> warnings and gave Petitioner specific instructions. Petitioner was advised that he had the opportunity to withdraw the Motion, if he did not want it to be considered a Motion under § 2255, or to amend it to include every § 2255 claim that he believes that he has. Petitioner asked this court for additional time to respond to this court's January 8, 2009, Opinion and was allowed until March 9, 2009, to file his response.

This court then pointed out that Petitioner did not file a response by March 9, 2009, but instead filed a Motion to Alter or Amend Judgment in his criminal case. This court stated that Petitioner's Motion completely ignored this court's January 8, 2009, Opinion (and the Seventh

Circuit's ruling which preceded it). Petitioner did not address, at all, the issue of whether he wanted to withdraw his earlier Motion (#2) or amend it to include every § 2255 claim he believes he has. This court stated that, in order to comply with the Seventh Circuit's instructions in this case, this court could only consider a response from Petitioner which answered the questions asked. This court therefore directed the clerk of this court to refile Petitioner's Motion to Alter or Amend Judgment, which was filed in Case No. 00-CR-20065 as document #65, in this case. This court then ordered STRICKEN Petitioner's Motion to Alter or Amend Judgment because it was not responsive to this court's January 8, 2009, Opinion, and asked this court to amend an Opinion vacated by the Seventh Circuit. This court then again notified Petitioner that his Motion (#2) would be construed by this court as a Motion Pursuant to 28 U.S.C. § 2255 and again warned Petitioner that this characterization would subject any subsequent § 2255 motion to the restrictions applicable to second or successive § 2255 motions (see 28 U.S.C. § 2255(h)). This court allowed Petitioner thirty (30) days to withdraw his Motion if he did not want to proceed under 28 U.S.C. § 2255 or to amend his Motion to include every § 2255 claim that he believes that he has.

On April 8, 2009, Petitioner filed a document entitled "Motion to Amend and Supplement Pursuant to 28 U.S.C. §2255"(#6). This court entered a text order granting the Motion. This court stated that Petitioner was allowed to amend his § 2255 Motion with the additional claims and arguments included in his Motion (#6). This court also stated that the Government was allowed until May 8, 2009, to file its Response to Petitioner's amended motion under § 2255.

On May 8, 2009, the Government filed its Response to Motion under 28 U.S.C. § 2255 (#7). The Government set out the procedural history in this case. The Government then pointed out that any motion brought under 28 U.S.C. § 2255 must be brought within one year of the judgment of

4

conviction becoming final. The Government further pointed out that Petitioner's conviction and sentence became final on March 21, 2003. See Clay v. United States, 537 U.S. 522, 525 (2003) ("judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction"). Therefore, Petitioner's Motion under 28 U.S.C. § 2255 was due by March 21, 2004. The Government therefore argued that the July 27, 2008, filing of Petitioner's Rule 60(b) Motion, now properly construed after Castro warnings as a motion under 28 U.S.C. § 2255, was filed over four years too late.

Following this court's careful review, it agrees with the Government that Petitioner's Motion under § 2255 is not timely.

IT IS THEREFORE ORDERED THAT Petitioner's Motion to Vacate, Set Aside or Correct Sentence under § 2255 (#2), as amended (#6), is DENIED as untimely.

ENTERED this  12th day of May, 2009

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE